IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| CAROLYN DERRYBERRY, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. CIV-16-207-C |
| | ) | |
| PHARMERICA CORPORATION, | ) | |
| | ) | |
| Defendant. | ) | |

MEMORANDUM OPINION AND ORDER

Plaintiff is suing Defendant for life insurance benefits under the Employee Retirement Income Security Program ("ERISA"), 29 U.S.C. §§ 1100, *et seq.*, resulting from the accidental death of Plaintiff's husband, Mr. Derryberry. Defendant argues that no life insurance benefits are due because the policy was not yet in effect at the time of Mr. Derryberry's death. Defendant filed a Motion for Judgment on the Pleadings and Plaintiff filed a Motion to Conduct ERISA Discovery, both of which are now at issue.

Mr. Derryberry accepted Defendant's job offer in November 2013 and began working on December 2, 2013. Later in December, Mr. Derryberry inquired about life insurance benefits and received a response from Ms. Pollard (the "Pollard Letter") stating:

> You will have 31 days from your full time hire date to enroll in benefits. My records indicate your full time date of hire is 12/2/2013 if this date is correct, you will need to go through the enrollment process on the website by 12/31/2013 to participate in the benefits. Your coverage will take effect on 1/1/2014 provided that you enroll before the deadline.

(Pollard Letter, Dkt. No. 31-1) (emphasis omitted). Mr. Derryberry enrolled in the PharMerica Life and Accidental Death & Dismemberment Insurance Plan ("the Plan") on

December 24, 2013, naming Plaintiff as his primary beneficiary. The Plan states "[i]f you are a newly hired full-time employee, coverage begins on the first of the month following 30 days after your date of hire." (Dkt. No. 30-1, p. 9). Regrettably, Mr. Derryberry perished on January 20, 2014. After Defendant denied her request for benefits, Plaintiff brought this suit under 29 U.S.C. § 1132 (a)(1)(B) and (a)(3) .

<u>Motion for Judgment on the Pleadings</u>

A motion for judgment on the pleadings under Fed. R. Civ. P. 12(c) is treated as a motion to dismiss under Fed. R. Civ. P. 12(b)(6). <u>Mock v. T.G. & Y.</u> Stores Co., 971 F.2d 522, 528 (10th Cir. 1992). Thus, Defendant's motion will be evaluated under the familiar 12(b)(6) standard. In ruling on a motion to dismiss for failure to state a claim, "courts should look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." <u>Alvarado v. KOB-TV, L.L.C.</u>, 493 F.3d 1210, 1215 n.2 (10th Cir. 2007) (<u>citing</u> <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007), and <u>Erickson v. Pardus</u>, 551 U.S. 89 (2007) (citation omitted)). For purposes of this analysis, the Court assumes that all well-pleaded facts contained in the Complaint are true, views those facts in a light most favorable to the non-moving party, and resolves all reasonable inferences in the non-moving party's favor. <u>Seamons v. Snow</u>, 84 F.3d 1226, 1231-32 (10th Cir. 1996).

First, the Court will address Plaintiff's claims under 29 U.S.C. § 1132(a)(1)(B) which states "[a] civil action may be brought– by a participant or beneficiary– to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." Defendant argues that the

claim for benefits should be decided in its favor as a matter of law because the terms of the plan state that coverage would not be in effect until February 1, 2013. Plaintiff contends that the Plan should have awarded benefits because the policy was in effect on January 1, 2013, due to either 1) Mr. Derryberry's November start date or 2) the meaning of "30 days after your date of hire" would include Mr. Derryberry's first day of work in the calculations.

While Plaintiff wishes for the Court to apply the November job acceptance date as the "date of hire" specified on the Plan, this argument must fail because the Plan and supporting documents state that the "date of hire" is December 2. (See Benefits Enrollment Dkt. No. 31-2, p. 1; Pollard Letter, Dkt. No. 31-1; Employment Offer, Dkt. No. 32-1, p. 2.) Even if the technical "date of hire" could be considered the November date when Mr. Derryberry accepted Defendant's employment offer, the documents unequivocally consider the first day of full-time employment commenced as the "date of hire" for purposes of calculating benefits. Furthermore, if November were used as the "date of hire," Mr. Derryberry would have failed to meet the 31-day enrollment deadline stated in the Pollard Letter and Plaintiff would not be entitled to benefits.

In support of her argument that the count of "30 days after your date of hire" should include December 2, the day Mr. Derryberry began work, Plaintiff cites <u>Miller v. Monumental Life Ins. Co.</u>, 502 F.3d 1245 (10th Cir. 2007). Miller states that if a plan's language is ambiguous, the Court should apply *contra proferentem* and construe the ambiguous term against the drafter. <u>Id.</u> at 1250-54. Ambiguity is present when "'a plan provision is reasonably susceptible to more than one meaning, or where there is uncertainty

3

as to the meaning of the term.'" Id. at 1250 (quoting Admin. Comm. of Wal-Mart Assocs. Health & Welfare Plan v. Willard, 393 F.3d 1119, 1123 (10th Cir. 2004)). The Court must consider the "'common and ordinary meaning as a reasonable person in the position of the [plan] participant, not the actual participant, would have understood the words to mean.'" Id. (quoting Willard, id.).

The Court will consider whether there is ambiguity in the Plan. It states "coverage begins on the first of the month following 30 days after your date of hire." (Dkt. No. 30-1, p. 9). The "date of hire" is December 2, and 30 days after that is January 1. The first of the month following January 1 is February 1, which means that Mr. Derryberry was not insured at the time of his death. Plaintiff argues that the date of hire should be included in the count of 30 days, making coverage start on January 1. This however, is not a meaning the plain language of the Plan will bear.

Merriam-Webster defines "after" as "following in time" or "at a later time." See http://www.merriam-webster.com/dictionary/after (last visited Oct. 6, 2016). The common and ordinary meaning of the phrase "30 days after your date of hire" induces the reader to begin counting on the day subsequent to the "date of hire." The Tenth Circuit has supported this reading of the word "after." Westland Holdings, Inc. v. Lay, 462 F.3d 1228, 1229-30 (10th Cir. 2006) (holding that a one-year redemption countdown "did not count the day of sale as the first day of the one-year redemption period"). Additionally, the Federal Rules of Civil Procedure apply the same meaning. See Fed. R. Civ. P. 6 (stating that when computing time for deadlines, "the day of the event that triggers the period" should be excluded).

The Court is in agreement with Defendant's argument that Plaintiff's reading of the Plan would require the Court to rewrite the terms of the Plan to read "on or after your date of hire" or "beginning on your date of hire." The Court may only enforce the terms of the Plan, not change them. CIGNA Corp. v. Amara, 563 U.S. 421, 435-36 (2011). The Court finds that there is only one way to interpret the plain language of the Plan, and that interpretation yields the conclusion that Mr. Derryberry's benefits were not yet in force at the time of his death. Therefore, Plaintiff's 29 U.S.C. § 1132(a)(1)(B) argument that benefits are due based on the language of the Plan must fail and Defendant is entitled to favorable judgment on the pleadings as a matter of law.

Second, the Court will address Plaintiff's claims brought under 29 U.S.C. § 1132(a)(3) which states "[a] civil action may be brought– by a participant, beneficiary, or fiduciary . . . to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan." The Court will construe Plaintiff's argument as requesting 1) estoppel and 2) surcharge.

The Tenth Circuit has described the elements of an estoppel claim under ERISA as requiring a showing of:

> 1) conduct or language amounting to a representation of material fact; 2) awareness of the true facts by the party to be estopped; 3) an intention on the part of the party to be estopped that the representation be acted on, or conduct toward the party asserting the estoppel such that the latter has a right to believe that the former's conduct is so intended; 4) unawareness of the true facts by the party asserting the estoppel; and 5) detrimental and justifiable reliance by the party asserting estoppel on the representation.

Lebahn v. Nat'l Farmers Union Unif. Pension Plan, 828 F.3d 1180, n.7 (10th Cir. 2016) (stating that Amara, 563 U.S. 421 (2011) requires a showing of detrimental reliance). Plaintiff bases her argument for estoppel upon the Pollard Letter which states that coverage could begin on January 1, 2013, if Mr. Derryberry enrolled by the end of December. To be eligible for consideration under the estoppel doctrine, the communication amounting to a representation of material fact must be from a fiduciary. A fiduciary is one who acts with "authority or responsibility to engage in a discretionary act of plan administration." Lebahn, 828 F.3d at 1185; see also 29 U.S.C. § 1002(21)(A). The Court finds that dismissal at this stage would be premature because Ms. Pollard's role is unclear and Plaintiff has sufficiently pleaded facts that could plausibly support a claim for relief.

Surcharge is an equitable remedy available when a breach of trust causes a beneficiary's loss. A trustee is "surcharged for the amount necessary to compensate fully for the consequences of the breach." Restatement (Third) of Trusts § 95 cmt. b (2012). A fiduciary may be surcharged only upon a showing of actual harm, and detrimental reliance need not be shown. Actual harm is proven by a preponderance of the evidence and may take the form of "detrimental reliance, but it might also come from the loss of a right protected by ERISA or its trust-law antecedents." Amara, 563 U.S. at 444. Construing the facts most favorably to Plaintiff, the Court finds that Plaintiff has sufficiently pleaded actual harm to avoid judgment on the pleadings.

The Court will not make a judgment on the pleadings based on Defendant's argument that The Hartford has not been joined in the suit. It is undetermined if The Hartford is a

6

necessary party, and the Court will construe the facts in the light most favorable to Plaintiff, thus avoiding judgment. Moreover, Fed. R. Civ. P. 21 allows the Court to add or drop a party if it deems the act necessary.

## Motion to Conduct ERISA Discovery

In the Motion to Conduct ERISA Discovery, Plaintiff argues that she should be permitted to conduct discovery outside of the administrative record with regard to Defendant's conflict of interest, communications regarding coverage, and procedures used when handling Plaintiff's claim. Defendant argues that the administrative record should be sufficient, or alternatively, that the information provided should be a sufficient supplement to the administrative record to satisfy the discovery needs of this case.

This issue is controlled by Murphy v. Deloitte & Touche Group Ins. Plan, 619 F.3d 1151 (10th Cir. 2010). There, the Tenth Circuit emphasized that the goal of ERISA is to provide a "speedy, inexpensive, and efficient resolution of the claim," usually accomplished by limiting the Court's review to the administrative record. Id. at 1164. However, there are some circumstances when a party may introduce additional evidence relating to an administrator's conflict of interest. Id. at 1162. The dual role can be a problem when a single administrator has the power to grant or deny claims, but also retains premiums paid, creating an incentive to underpay benefits. Schoenhals v. UNUM Life Ins. Co. of Am., No. CIV-10-1374-C, 2011 WL 2457308, at *1 (W.D. Okla. June 20, 2011). To address whether the Court should allow additional discovery, the two factors are 1) does the requested discovery advance "ERISA's goal of a speedy, inexpensive, and efficient resolution of a

claim" and 2) does the cost or burden of the requested discovery outweigh its potential benefits. These factors are not all-inclusive, but provide an analytic framework. Id.; see also Murphy, 619 F.3d at 1163.

Plaintiff's proposed discovery seeks information related to Plaintiff's contention that PharMerica administered the benefit claim rather than The Hartford and seeks details relating to a similar claim made to PharMerica that produced different results. These issues are narrowly tailored and will uphold ERISA's goals stated in the first factor. Defendant's objections are that some sought-after information is excluded by the attorney-client privilege, is protected health information, and the compensation information of employees is too broad. The Court acknowledges these concerns and will constrain the permitted deposition topics below.

Additionally, Defendant made the unusual decision to both object to the additional discovery and supply responses to said discovery. This weighs in favor of discovery because the requested information is demonstrably not overly burdensome. Moreover, the parties have conceded that there is indeed a conflict of interest (Joint Status Report, Dkt. No. 15, p. 2) and Plaintiff's discovery requests are narrowly tailored. Although Murphy stated that additional discovery is often not necessary when "inherent dual role conflict makes that financial interest obvious," the Tenth Circuit has made clear that more information can be requested for inquiries into compensation structures for independent physicians, for example. Murphy, 619 F.3d at 1163 n.7. The Court finds that the potential benefit resulting from the additional discovery outweighs the costs and burdens in this case and is reasonably

8

calculated to lead to the discovery of admissible evidence. However, certain of Plaintiff's requests are too broad and have no apparent relevance to Plaintiff's claims.

Therefore, Plaintiff will be permitted to conduct limited discovery on Defendant, including the taking of deposition testimony, which shall be conducted in Louisville, Kentucky, or another location of Defendant's choosing. Such testimony shall be restricted to the following topics:

    a.    Benefit enrollment, claims handling, and analysis.

    b.    Conflict of interest and efforts to mitigate/protect beneficiaries from adverse effects of same.

    c.    All communications relating to the claim at issue in this lawsuit, including all legal opinions provided to Defendant prior to the time when Plaintiff's and Defendant's interests diverged.

    d.    All material facts and circumstances of the claim paid by Defendant, described by Debbie Pollard as "just like" the claim at issue in this lawsuit in her email of January 28, 2014.

    e.    Any and all communications regarding Plaintiff's claim with The Hartford and any of its agents, servants, or employees including counsel (prior to the time when Plaintiff's and Defendant's interests diverged).

    f.    Compensation including salary, any and all bonuses, whether actual or potentially available, as well as profit sharing and other benefits and performance incentives for all personnel involved in the decision making related to the approval or denial of Plaintiff's claim.

    g.    Mr. Derryberry's premium payment(s).

To the extent that Plaintiff seeks information subject to the attorney-client privilege, attorney work product, and employee health information subject to the Health Insurance Portability

and Accountability Act, that discovery is not proper. As to the written discovery requests, the Court finds that Defendant has satisfied its obligations to Plaintiff.

## CONCLUSION

For the reasons stated above, Motion of Defendant PharMerica Corporation for Judgment on the Pleadings as to the Second Amended Complaint (Dkt. No. 30) is GRANTED in part and DENIED in part. Defendant is entitled to Judgment on the merits with regard to Plaintiff's 29 U.S.C. § 1132(a)(1)(B) claim. A separate Judgment will issue at the close of these proceedings. Plaintiff's claim under 29 U.S.C. § 1132(a)(3) remains for trial. Defendant's Motion for Judgment on the Pleadings as to the Amended Complaint (Dkt. No. 20) is STRICKEN as moot. Plaintiff's Motion to Conduct ERISA Discovery (Dkt. No. 18) is GRANTED in part and DENIED in part.

IT IS SO ORDERED this 7th day of October, 2016.

_____
ROBIN J. CAUTHRON
United States District Judge